THIS LETTER IS IN RESPONSE TO YOUR REQUEST FOR INFORMATION CONCERNING THE APPLICATION OF THE OPEN MEETING ACT, CODIFIED AT 25 O.S. 301 ET SEQ. AS AMENDED, UNDER CERTAIN CIRCUMSTANCES. SPECIFICALLY, YOU ASK WHETHER THE ACT IS VIOLATED WHERE THE PROCEEDINGS ARE CONDUCTED IN VOICES SO LOW THAT THEY CANNOT READILY BE HEARD BY THE PUBLIC, OR WHEN THE AMPLIFICATION SYSTEM ORDINARILY USED BY THE PUBLIC BODY IS DISENGAGED FOR A PORTION OF THE MEETING SO THAT DISCUSSIONS CANNOT BE HEARD BY THE PUBLIC.
THE DIFFICULTY IN ANSWERING THESE QUESTIONS ARISES BECAUSE THE ACT DOES NOT EXPLICITLY IMPOSE ON A PUBLIC BODY THE DUTY TO MAKE ITSELF HEARD DURING ITS OPEN MEETINGS. HOWEVER, THE ACT CLEARLY CONTEMPLATES THAT THE PUBLIC BODY'S BUSINESS BE CONDUCTED IN SUCH A MANNER AS TO BE INFORMATIVE TO THOSE MEMBERS OF THE PUBLIC WHO HAVE TAKEN THE TIME TO ATTEND THE MEETING.
FOR INSTANCE, 25 O.S. 302 OF THE ACT STATES THAT IT IS THE PUBLIC POLICY OF THE STATE TO ENCOURAGE AND FACILITATE AN INFORMED CITIZENRY'S UNDERSTANDING OF GOVERNMENTAL PROCESSES AND PROBLEMS. WERE THE ACT SOLELY CONCERNED WITH LETTING THE PUBLIC KNOW THAT A MEETING WILL OCCUR, AND WHAT IT WILL BE ABOUT, THERE WOULD BE NO REASON FOR THE LEGISLATURE TO GO FURTHER IN THE ACT AND REQUIRE THAT THE MEETINGS BE CONVENIENT TO AND OPEN TO THE PUBLIC. (25 O.S. 303. SIMILARLY, THERE WOULD BE NO REASON FOR RESTRICTING THE PURPOSES FOR WHICH AN EXECUTIVE SESSION MAY BE CALLED, AND UNDER WHAT CIRCUMSTANCES. (25 O.S. 307. NOR WOULD THE LEGISLATURE HAVE PROHIBITED INFORMAL GATHERINGS OR ELECTRONIC OR TELEPHONIC COMMUNICATIONS. (306. THE ACT DOES EXPLICITLY REQUIRE THAT ALL VOTES MUST BE PUBLICLY CAST AND RECORDED, (25 O.S. 305, AND AGAIN, IMPLICIT IN THAT REQUIREMENT IS THE FURTHER DUTY OF THE PUBLIC BODY TO MAKE CERTAIN THAT VOTE IS AUDIBLE.
THUS, MY OPINION THAT PUBLIC BODIES, IN ORDER TO COMPLY WITH THE OPEN MEETING ACT, MUST CONDUCT THEIR BUSINESS IN SUCH A MANNER AS WILL FACILITATE BEING HEARD BY THE PUBLIC BOTH DURING DISCUSSIONS OF PUBLIC BUSINESS AND DURING THE CASTING OF THE VOTES. ACTIONS TAKEN IN WILLFUL VIOLATIONS CONSTITUTE A MISDEMEANOR, (25 O.S. 313/25 O.S. 314)
THE OKLAHOMA SUPREME COURT HAS HELD THAT WILLFULNESS DOES NOT REQUIRE A SHOWING CONSCIOUS, PURPOSEFUL VIOLATION OF LAW OR BLATANT OR DELIBERATE DISREGARD OF THE LAW BY THOSE WHO KNOW OR SHOULD HAVE KNOWN THE REQUIREMENTS OF THE ACT. ROGERS V. EXCISE BOARD OF GREER COUNTY, 701 P.2D 754 (1984).
(SUSAN BRIMER LOVING)